**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ASHLEE HALL and HALL LAW GROUP, PLLC,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER MARSON; DIANA MULLINS; EXEMPLAR LAW, LLC; and EXEMPLAR COMPANIES, PBC,<br><br>Defendants. | Case No. 25-cv-00421-JDR-SH |

**OPINION AND ORDER**

Before the Court is Plaintiffs' motion for expenses following the Court's partial grant of their motion to compel. The Court finds that Plaintiffs are entitled to an award of attorney fees, but have failed to support the rates charged. The Court finds a lack of support for the other expenses sought. Without a basis to determine a reasonable amount of expenses, including fees, the motion will be denied.

**Background**

On June 30, 2026, Plaintiffs Ashlee Hall and Hall Law Group, PLLC ("Hall") filed a motion to compel Defendants to provide their initial disclosures, produce documents responsive to written discovery requests issued in March, and to provide complete answers to interrogatories issued at the same time. (Dkt. No. 53.) According to Hall, Defendants had failed to provide any initial disclosures in the many months the case had been pending, produced no documents responsive to the requests, provided incomplete answers to certain interrogatories, and failed to answer any of the interrogatories under

oath. (*Id.* at 6.[1]) The motion outlined that attempts to obtain initial disclosures began as early as April 10, 2026, followed by additional attempts to obtain timely responses to written discovery, including a meet-and-confer on May 14, 2026. (*E.g.*, Dkt. No. 53-1 at 7, 10, 12, 18; Dkt. No. 53-12 at 3–5.)

The motion also noted that Defendants belatedly provided their written discovery responses on May 25, 2026. (Dkt. No. 53-1 at 3.) After receiving the responses, Hall provided details of their perceived deficiencies (Dkt. Nos. 53-9–53-11), after which Hall tried to schedule another meet-and-confer (*e.g.,* Dkt. No. 53-1 at 2–3). During this process, Defendants' counsel removed certain of Hall's attorneys from his e-mail responses and stated that he would deal only with Jonathan Herrera as designated lead counsel. (*E.g.,* Dkt. No. 53-1 at 9–10.) Defendants' counsel did not respond to the requests for a meet-and-confer during the two weeks following the deficiency letters, and Hall filed the motion to compel. (Dkt. No. 53 at 6.)

Defendants did not respond to the motion within the time allowed by local rules and reiterated by court order (Dkt. No. 56). The Court then granted, in part, the motion to compel. (Dkt. No. 58.) The Court ordered Defendants to provide their initial disclosures, to provide documents responsive to the written discovery requests, and to provide supplemental responses to most of the complained-of interrogatories.[2] (*Id.*)

Hall now moves for an award of expenses, including attorney fees, under Fed. R. Civ. P. 37(a)(5). (Dkt. No. 59.)

---

[1] Page numbers refer to those in the court-provided header.

[2] The Court found that one interrogatory was answered and denied the motion to compel as to that interrogatory. (Dkt. No. 58 at 8.)

## Analysis

### I. Entitlement to Expenses, Generally

In this case, the Court fully granted Hall's motion to compel initial disclosures and partially granted the motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(A), (B)(iii)–(iv).

When a motion is fully granted, the Court must—after giving an opportunity to be heard—require the party whose conduct necessitated the motion, their attorney, or both "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The only exceptions to ordering such payment is if the movant did not attempt in good faith to obtain the disclosure without court action; the opposing party's nondisclosure was substantially justified; or other circumstances make an award of expenses unjust. *Id.*

When a motion is partially granted, the Court may—after giving an opportunity to be heard—apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C).

### II. Hall is Entitled to an Award of Expenses

#### A. Hall Attempted in Good Faith to Obtain the Disclosures and Discovery

Defendants argue that Hall is not entitled to an award of expenses in this case, because there was no meet-and-confer between lead counsel after the late responses were provided and prior to the filing of the motion.

As a preliminary matter, Defendants admit that there was a meet-and-confer relating to the initial disclosures. (Dkt. No. 60 at 2.)

As for the remaining discovery, Defendants misread the presiding judge's individual rules and the requirements for a good faith attempt to obtain information.

First, Hall attempted in good faith to obtain the discovery responses without coming to court. Hall provided detailed deficiency letters and tried to schedule a meet-and-confer to discuss them. Defendants' counsel, however, ignored the request even when warned that a motion to compel would be filed.

Second, Defendants cannot hide behind the presiding judge's individual rules. District Judge John D. Russell has issued individual rules that attempt to encourage civil discourse between the parties and that require raising that discourse to the highest levels before bringing a dispute to the Court. *See* John D. Russell, Individual Rules of Practice, Civil Cases (rev. Mar. 2, 2026).[3] The rules provide that, at the outset of the case, "each party must identify . . . one individual who shall serve as Lead Trial Counsel for that party." *Id.* § 1(a). Lead Trial Counsel is required "to be personally involved in discovery disputes before they are brought to the Court." *Id.* This designation does not eliminate a party's ability to rely on lower level personnel for day-to-day matters. Instead, any party wishing to raise a discovery dispute "must first confer in good faith with the opposing party . . . to resolve the dispute." *Id.* § 4(a). When a conference is sought, "the opposing party must, absent extenuating circumstances, make itself available to confer" with two business days. *Id.* § 4(b). But, before coming to court, there must be "at least one conference" among the designated Lead Trial Counsel. *Id.* § 4(a). Again, when a Lead Trial Counsel conference is requested, that counsel must make themselves available within two business days. *Id.* § 4(b).

[3] The rules are available at https://www.oknd.uscourts.gov/sites/default/files/Individual%20Rules%20of%20Practice%20Civil%2003.02.2026.pdf [https://perma.cc/J6HS-DN7G] (last visited Oct. 21, 2026).

Here, the dispute never made it to the "Lead Trial Counsel" stage, because Defendants' lead counsel refused to respond at all to Hall's request to confer. It is no excuse that Hall's lower level counsel sought the conference. This is allowed in Judge Russell's rules and is a reasonable and economical use of the parties' resources. If the parties had resolved their dispute following the lower level meet-and-confer, no escalation would have been necessary. Defendants' counsel, however, thwarted any attempts to confer.

Hall satisfied all requirements for seeking the disclosures and discovery before resorting to a motion to compel.

### B. The Court Must Award Expenses as to the Initial Disclosures and Finds Apportionment Appropriate as to the Discovery Responses

As for the initial disclosures, the Court finds a full award of expenses is required. Hall's motion was granted in full, and, as noted above, Hall attempted in good faith to obtain the disclosures without court action. The Court further finds no justification for Defendants' refusal to provide the disclosures, and there are no other circumstances that make an award of expenses unjust.[4] *See* Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

As for the written discovery, the Court similarly finds a good faith attempt to obtain the discovery, no justification for Defendants' objections or failure to provide discovery, and no other circumstances that make an award of expenses unjust. The Court also finds

[4] In 1970, Rule 37 was amended to "encourage judges to be more alert to abuses occurring in the discovery process." Fed. R. Civ. P. 37 advisory comm.'s note, 1970 am, subdiv. (a)(4). As such, the 1970 amendments were to provide "in effect that expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying his point to court. At the same time, a necessary flexibility is maintained, since the court retains the power to find that other circumstances make an award of expenses unjust—as where the prevailing party also acted unjustifiably." *Id.*

that apportionment is appropriate. *See Linnebur v. United Tel. Ass'n*, No. 10-1379-RDR, 2012 WL 1183073, at *1 (D. Kan. Apr. 9, 2012) ("when the court overrules many of the resisting party's objections, a significant number of which are not substantially justified, an award of some fees and expenses may be appropriate"). Here, the Court compelled the vast majority of the requested discovery, after Defendants failed even to respond to the motion. The Court therefore, will apportion 90% of the total expenses to Defendants.

**III. The Court Lacks Sufficient Information to Complete an Award of Expenses**

"To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998); *see also Stenson v. Edmonds*, 86 F.4th 870, 879 (10th Cir. 2023) (stating, in Rule 37 context, "[t]he lodestar calculation produces a presumptively reasonable fee" (citation modified)). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonable hourly rate." *Robinson*, 160 F.3d at 1281 (citation modified). The initial burden of proving the reasonableness of the hours and rate is on the applicant. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (noting, "once the applicant has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee" (citation modified)).

The Court finds that Hall has provided sufficient information from which the Court may determine the hours reasonably expended in bringing the motion to compel. But Hall has failed to provide sufficient information from which the Court could determine a

reasonably hourly rate, and the Court cannot complete the award. The Court also finds that Hall has failed to support her request for additional expenses.

**A. Hours**

The "first step in calculating the lodestar [is] determining the number of hours reasonably spent by counsel for the party seeking fees." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). Counsel for the moving party "has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.*

Rule 37 allows for an award of the reasonable expenses, including fees, "incurred in making the motion" or "for the motion." Fed. R. Civ. P. 37(a)(5)(A), (C). The undersigned has previously analyzed the various cases interpreting this language and determined that such expenses are not limited solely to those incurred in drafting the motion, filing it, and attending hearings—but they also do not include expenses that would have been incurred regardless of the discovery dispute. *See Laca v. United States*, No. 22-CV-00366-SEH-SH, 2024 WL 4203494, at *8–9 (N.D. Okla. Sept. 16, 2024).

Here, Hall has appropriately limited the requested hours to work done when attempting to obtain Defendants' initial disclosures, when Defendants' discovery responses were late and Hall's counsel began work on a motion to compel, preparation of a deficiency letter when the belated responses were received, the subsequent edits to the

motion to compel, and the preparation of the motion for fees.[5] (Dkt. No. 59-1 at 6–7.) Hall has also provided the appropriate contemporaneous time records. (*Id.*)

The Court, however, finds that some of the billing is duplicative and will reduce the hours requested accordingly. *See Malloy*, 73 F.3d at 1018 (counsel "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" (citation modified)). Hall had multiple timekeepers working on the same documents, and the Court reduces the time of Anushe Zebal by 4.1 hours; Emily Davis by 5.3 hours; and Jessica Wilkes by 3.7 hours for redundancies. The Court further finds that 0.1 hours of Jessica Wilkes' time was not related to the motion to compel. Following these reductions, the Court finds that the following pre-apportionment hours are reasonable: Jessica Wilkes—17 hours; Anushe Zebal—2.2 hours; Emily Davis—4.5 hours; William B. Federman—4.2 hours; Frandelind Traylor—0.2 hours.

**B. Rate**

The Court then turns to the reasonable hourly rate. "To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (citation modified). The party requesting attorney fees "must provide evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." *Id.* at 1224–25 (citation modified)). "In making these determinations, the court may refer to 'affidavits submitted by the parties and other reliable evidence of local market rates . . . .'" *Busby v. City of Tulsa*, No. 11-CV-

[5] The Court rejects Defendants' argument that it was inappropriate for Hall to begin researching a motion to compel on May 15, 2026. At this point, Hall's counsel had repeatedly inquired regarding the missing initial disclosures and late discovery responses.

447-JED-JFJ, 2018 WL 7286180, at *3 (N.D. Okla. Oct. 23, 2018) (quoting *Case*, 157 F.3d at 1256). "Courts may also consider their own knowledge of market rates." *SFF-TIR, LLC v. Stephenson*, 452 F. Supp. 3d 1058, 1160 (N.D. Okla. 2020) (citing *Lippoldt*); *see also Case*, 157 F.3d at 1257 (noting that this is limited to situations where the court "does not have before it adequate evidence of prevailing market rates").

Here is where Hall's application fails. Hall provides no information regarding the skill, experience, or reputation of any of the timekeepers listed above. The only evidence provided is Jessica Wilkes' affirmation that "[m]y firm's hourly rates are reasonable and customary and have been approved by Oklahoma Federal Courts." (Dkt. No. 59-1 at 3.) Hall's brief also notes that other courts have approved past rates for certain members of the firm. (Dkt. No. 59 at 5.) Hall does not provide any details from these orders, which appear to be final approvals of class action settlements. *See* Final Approval Order & Judgment, Dkt. No. 67, *Bingman v. Aven Health Ptrs., Inc.*, No-CIV-23-130-SM (W.D. Okla. May 15, 2024); Final Approval Order & Judgment, Dkt. No. 48, *Granado v. Sandridge Energy, Inc.*, No. CIV-22-516-AMG (W.D. Okla. Aug. 16, 2024); Final Order, Dkt. No. 263, *Dennis v. Good Deal Charlie, Inc.*, No. 20-cv-295-GKF-JFJ (N.D. Okla. Apr. 3, 2023). The Court sees nothing in these orders discussing any attorney's skill, experience, reputation, or rates, much less anything specific to the timekeepers for whom fees are being sought in this case.

Without the information necessary to determine an appropriate rate for the timekeepers in this case, the Court cannot determine an appropriate fee to apportion.

### C. Other Expenses

Finally, Hill also seeks $1,521.37 in Westlaw charges related to research that apparently went into the deficiency letters and the motion to compel. (Dkt. No. 59-1 at

3.) Hill provides no details from which the Court could find such expenses reasonable. There is no information regarding the Westlaw rate, the hours to which it applied, whether these charges are actually billed by the hour or are somehow apportioned from a monthly flat rate, whether they would have been incurred regardless of the discovery dispute, etc. The Court cannot award such expenses without more information.

Given this lack of information,

IT IS THEREFORE ORDERED that *Plaintiffs' Motion for Attorneys' Fees and Expenses in Conjunction with Motion to Compel Discovery Responses* (Dkt. No. 59) is DENIED.

ORDERED this 21st day of October, 2026.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT